### GRIGGS *v.* ST. CROIX Co. and others.

*(Circuit Court, W. D. Wisconsin. October 21, 1885.)*

TAXATION—COLLECTION—INJUNCTION—SCHOOL AND HIGHWAY TAX—REV. ST. WIS § 776.

Under section 776 of the Revised Statutes of Wisconsin the aggregate amount of taxes voted by the electors of a town for schools and highway purposes (though a specific portion of the same is to be levied and applied for the benefit of each school and road district of the town) may be assessed and levied upon the property of the tax-payers of the town; and where an action is brought to restrain the sale of land upon which the same are levied for its portion of the tax, it is no objection to the validity of the tax that the districts in which the land is located are not composed of contiguous territory, and that the specific amount of tax to be raised for each district is not assessed and levied upon the property of the tax-payers of the districts severally.

Bill in equity to restrain the sale of plaintiff's lands for the collection of state, county, town, school-district, and highway taxes assessed thereon in 1882. Upon hearing upon bill, answer, and proofs, at the June term, 1884, the assessment was set aside and a reassessment ordered. The previous opinion of the court herein is reported in 20 Fed. Rep. 341. Upon the completion of the reassessment, plaintiff, under chapter 128, Laws Wis. 1881, filed a large number of objections thereto, and against the legality of the taxes reassessed and relevied upon said lands. Those relied upon at the hearing were the following, to-wit: (1) That the school-district taxes upon plaintiff's lands in school-districts Nos. 1 and 3, in the town of Emerald, were illegal and void because said districts were not composed of contiguous territory, as required by section 412, Rev. St. Wis. Plaintiff's lands were situated in said town of Emerald, in said St. Croix county, which town was composed of two government townships, viz., township 30, range 15 W., and township 30, range 16 W. Township 30, range 15, was mostly wild and uncultivated, while township 30, range 16, was quite well settled. Said town was originally divided into three school-districts,—Nos. 1, 2, and 3. The school-house, and principal part of the territory, of No. 1 was in township 30, range 16. June 15, 1882, the town board of supervisors, by an order of that date, annexed sections 31, 32, 33, and W. ½ of section 34, in township 30, range 15, to said district No. 1; but this last-mentioned ter-

ritory was more than a mile from the rest of the district, in township 30, range 16; hence was not contiguous thereto. District No. 3, down to August 21, 1881, was composed of two tiers of sections, extending entirely across the north side of said town, and hence was 12 miles long and 2 wide, and embraced 24 sections. On August 21, 1881, said board formed a new school-district from No. 3 by taking from the center thereof 12 sections, and thus forming a district six miles long by two wide. By the formation of this new district, No. 3 was cut in two, leaving six sections thereof upon the east side of this new district and six upon the west, so that said remaining portions of No. 3 were widely separated; but the portion upon the east of this new district was wilderness. The school-house was in the portion upon the west. All of plaintiff's lands were in township 30, range 15, and a portion thereof in the non-contiguous territory of said districts Nos. 1 and 3, in said township. (2) That the highway taxes upon plaintiff's lands in road-districts Nos. 1, 3, and 7 were illegal and void because said districts were not composed of contiguous territory. Said districts, at the time of the levying of the highway taxes in 1882, and the relevying of the same in 1884, were composed of non-contiguous territory, a portion of each being in township 30, range 16, and a portion in township 30, range 15; said portions being separated by the intervening territory of other road-districts. Defendants contended that the fact that said school and road districts were not composed of contiguous territory did not render the school and highway taxes therein unequal or unjust, and that the legality of said districts could not be assailed in this action. Said town, at its annual town meeting in 1882, voted to levy a tax of $100 for each road-district, making $800 for the eight road-districts into which said town was divided. Said $800 was relevied and extended by the town clerk upon the reassessment roll, upon the valuations as of the year 1882 therein contained, and was placed in the column with the state, county, and other town taxes of that year. Plaintiff objected that said $800 was a highway tax, and should have been assessed by the town board of supervisors, under sections 1239, 1240, Rev. St. Wis., upon the valuations of 1881 in each district, instead of upon the valuations of 1882 upon the entire town; and that therefore they were illegal and void; and having been indistinguishably mingled with the state, county, and town taxes, the whole was thereby rendered void.

*Baker & Smith* and *J. C. Spooner,* for plaintiff.

*R. H. Start* and *L. P. Wetherby,* for defendants.

BUNN, J. The objection to the reassessment of the tax of most force seems to be that the $800 of road tax which was voted by the electors at the annual town meeting of 1882, and placed in with the other town taxes, and levied upon the property of the whole town, upon the tax roll of that year, should have been levied upon the roll

of the preceding year, and raised, not upon the property of the town generally, but $100 in each of the eight road-districts of the town, and carried out in a separate column. If the objection is good at all, it will be fatal to the assessment, as it is impracticable to separate what is legal from what is illegal. But, upon consideration, I think the objection not tenable. The authority under which the $800 road tax was voted is contained in section 776, Rev. St. Wis., which gives power to the qualified voters of each town, at the annual town meeting, to vote to raise money for the repair and building of roads and bridges, or either.

In the town of Emerald, which consisted of eight road districts, the electors, at the annual town meeting, voted to raise "*one hundred dollars levied for each road-district,—$800.*" This is the record in evidence. It is contended that the effect of this vote was to levy $100 upon the property of each road district, though it is conceded by plaintiff in his brief that the electors usually vote for highway taxes a certain number of mills upon the dollar, and the supervisors also add a mill tax, and that this would, of course, make a uniform percentage for the entire town; and it seems quite clear to the court that such a course would have been a compliance with the statute. But is not what the electors did, in substance, the same thing? The statute, in terms, does not confine the vote to a mill tax, and I see no reason why the electors could not have voted to raise $800 on the town, to be laid out, $100 in each road-district, or as the town board might see fit to expend it, upon the highways of the town. It seems as though this is what the statute contemplated, rather than to give the electors power to raise certain sums separately upon the property in each road-district. The same language which gives power to raise money for roads applies also to bridges, the taxes for which, I believe, are always levied upon the town generally. Possibly, under the statute, the electors might raise different sums for each road-district, to be levied and raised upon the property of the several districts; but I would not think that is what the statute means, and I do not understand such to be the effect of the vote taken in this case. Voting $100 for each road-district, making an aggregate of $800 in the town, does not necessarily mean that the $100 is to be levied upon the property of the road-district; and if the town authorities were justified in levying the $800 upon the property of the town, the fact that the road tax is not carried out in separate columns cannot affect the validity of the tax, as no one is injured in any way by it.

I think, also, there was no error in levying the assessment of the highway tax upon the new valuation. This seems to me evident from chapter 128, Sess. Laws Wis. 1881, governing proceedings of this sort. In regard to the defendant's claim, that 12 per cent. interest should be allowed from January 1, 1883, I think the provisions he cites do not apply to a case like this, where a reassessment has been ordered upon the original tax being held illegal.

I think the plaintiff's objections to the reassessment should be overruled, and that an order should be made in accordance with the provision of chapter 128, Laws Wis. 1881, requiring the plaintiff to pay into court, for the use and benefit of the defendants, the amount of the tax assessed upon his lands according to the reassessment tax roll, which I believe is $1,839.96, or $70.20 less than the original assessment, which was $1,910.16; and that upon complying with such order of the court a judgment be entered against the defendants, with costs.

The order may be entered *nunc pro tunc* as of the June term, when the cause was heard.